IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARLTON BRITTON *on behalf of himself and all others similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> PRIORITY PAYMENT SYSTEMS, LLC <br><br> Defendant | Civil Action No. <br><br> FLSA COLLECTIVE ACTION <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

Named Plaintiff Karlton Britton ("Named Plaintiff"), through his undersigned counsel, alleges on his own behalf and on behalf of all others similarly situated as follows:

## NATURE OF COMPLAINT

1.

Named Plaintiff brings this action to obtain full and complete relief on behalf of himself and all others similarly situated for Defendant's failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

1

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because a substantial part of the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## **PARTIES**

4.

Named Plaintiff is a citizen of the United States of America, and resident of the State of Georgia.

5.

Defendant is a Georgia Corporation. Defendant may be served with process by delivering a copy of the complaint and summons to its registered agent Chris Prince at 2001 Westside Parkway, Suite 155, Alpharetta, Georgia 30004.

6.

On information and belief, Defendant offers credit card processing services and merchant banking solutions for small businesses throughout the United States on behalf of American Express.

7.

Defendant has its headquarters in Alpharetta, Georgia. Defendant also has offices in Tennessee and California.

8.

Defendant is governed by and subject to 29 U.S.C § 206 and § 207.

9.

At all relevant times, Defendant engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

10.

At all relevant times, Defendant was an "employer" under the FLSA as that term is defined by 29 U.S.C. § 203(d).

11.

At all relevant times, Defendant employed Named Plaintiff and all others similarly situated who were engaged in commerce and/or the production of goods for commerce.

12.

At all relevant times, Named Plaintiff and all others similarly situated were "employees" of Defendant as that term is defined by 29 U.S.C. § 203(e).

13.

Named Plaintiff and all others similarly situated worked for Defendant within the three years preceding the filing of this Complaint.

14.

Named Plaintiff and others similarly situated are individuals who have been employed by Defendant to perform inside sales work, and who were paid a salary plus commissions and/or bonuses during the three years preceding the filing of this Complaint and continuing through the duration of this action.

15.

Named Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A true and correct copy of Named Plaintiff's signed consent form is attached as Exhibit "A."

16.

As the case proceeds, others similarly situated will likely sign consent forms and seek to join this action.

**FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS**

17.

Named Plaintiff brings this collective action on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b). Named Plaintiff and the similarly situated individuals are persons who: (1) are currently or have been

employed by Defendant on or after the date that is three years preceding the filing of this Complaint; (2) performed inside sales work; (3) earned a salary plus commissions and/or bonuses; and (4) worked more than 40 hours in a workweek ("the Collective Class").

18.

At all relevant times, Named Plaintiff and the Collective Class have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common policies, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them the legally required overtime wage differential of one and one-half times their regular hourly rate of pay for all hours worked over 40 in a workweek.

19.

At all relevant times, Defendant misclassified Named Plaintiff and the Collective Class as exempt from the FLSA's overtime pay requirements.

20.

At all relevant times, Named Plaintiff and the Collective Class have been employed by Defendant to perform inside sales work.

21.

Named Plaintiff and the Collective Class were given job titles such as (but not limited to) "Financial Specialist" and "Closer."

22.

At all relevant times, Named Plaintiff and the Collective Class performed non-exempt work.

23.

At all relevant times, Named Plaintiff and the Collective Class worked at Defendant's offices, and were required to generate or maintain business by, for example, calling and emailing potential or current clients.

24.

Named Plaintiff and the Collective Class are scheduled to work a 40-hour workweek (i.e., a nine-hour day, including one hour for lunch, Monday through Friday).

25.

Named Plaintiff and the Collective Class consistently worked more than 40 hours in a workweek.

26.

Named Plaintiff and the Collective Class consistently performed work during their lunch breaks.

27.

Named Plaintiff and the Collective Class consistently performed work before and after their scheduled work shifts.

28.

Defendant was well aware that Named Plaintiff and the Collective Class worked more than 40 hours in a workweek.

29.

Named Plaintiff and the Collective Class made and/or received phone calls, and sent and/or received emails during their alleged lunch breaks, and before and after their scheduled work shifts.

30.

Named Plaintiff and the Collective Class complained to management about working more than 40 hours in a workweek without compensation. Management explained that American Express won't pay for overtime,[1] and that their commissions and bonuses make up for the lack of overtime pay.

31.

On multiple occasions, Defendant required Named Plaintiff and the Collective Class to perform additional work on Saturdays.

32.

At all relevant times, Defendant failed to keep track of all hours worked by Named Plaintiff and the Collective Class.

---

[1] On information and belief, American Express is responsible for compensating Plaintiff and the Collective Class. Defendant provides services to merchants on behalf of American Express. Plaintiff and the Collective Class hold themselves out to customers and potential customers as employees of American Express.

33.

At all relevant times, Defendant failed to maintain accurate time records of all hours worked by Named Plaintiff and the Collective Class.

34.

The Collective Class is so numerous that joinder of all members is impracticable.

35.

There are questions of law or fact common to the Collective Class.

36.

The claims or defenses of the representative party are typical of the claims or defenses of the Collective Class.

37.

The representative party will fairly and adequately protect the interests of the Collective Class.

38.

Questions of law or fact common to all members of the Collective Class predominate over any questions affecting individual members, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT ONE
## (Fair Labor Standards Act ("FLSA"))
## (Failure to Pay Overtime Compensation)

39.

During the three years preceding the filing of this Complaint, Defendant violated the FLSA by failing to pay Named Plaintiff and the Collective Class at an overtime rate of not less than time and one-half their regular hourly rate of pay for all hours worked over 40 in a workweek.

40.

During the three years preceding the filing of this Complaint, Defendant operated under a decision, policy and plan, and common policies, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to compensate Named Plaintiff and the Collective Class for all hours worked over 40 in a workweek.

41.

Defendant misclassified Named Plaintiff and the Collective Class as exempt from the FLSA's overtime pay requirements.

42.

At all relevant times, Named Plaintiff and the Collective Class performed non-exempt work.

43.

At all relevant times, Named Plaintiff and the Collective Class performed inside sales work.

44.

At all relevant times, Named Plaintiff and the Collective Class worked at Defendant's office, and were required to generate or maintain business by, for example, making outbound calls to potential or current clients.

45.

Defendant suffered and permitted Named Plaintiff and the Collective Class to work in excess of the 40 hours that they were scheduled to work each workweek.

46.

Defendant was aware that Named Plaintiff and the Collective Class worked in excess of the 40 hours that they were scheduled to work each workweek.

47.

Management saw Named Plaintiff and the Collective Class perform work during their lunch breaks.

48.

Named Plaintiff and the Collective Class made and/or received phone calls and sent and/or received emails during their lunch breaks, and before and after their scheduled work shifts.

49.

Management required Named Plaintiff and the Collective Class to perform additional work on Saturdays.

50.

Management received complaints from Named Plaintiff and the Collective Class about working more than 40 hours in a workweek without compensation.

51.

Defendant wilfully disregarded its obligations under the FLSA.

52.

Defendant attempted to avoid paying the required overtime wage differential to Named Plaintiff and the Collective Class by misclassifying them as exempt employees.

53.

At all relevant times, Defendant was required to keep and maintain accurate records of the hours worked by Named Plaintiff and the Collective Class.

54.

At all relevant times, Defendant failed to maintain accurate time records in violation of the FLSA's recordkeeping requirements.

55.

As the direct and proximate result of Defendant's unlawful conduct, Named Plaintiff and the Collective Class have suffered a loss of income and other damages.

56.

Named Plaintiff and the Collective Class are entitled to back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

57.

Named Plaintiff and the Collective Class are readily ascertainable. For purpose of notice, and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to Named Plaintiff and the Collective Class via first class mail to the last address known to Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff, on behalf of himself and all others similarly situated, pray for the following relief as against Defendant:

A. Certification of this action as a collective action under the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Named Plaintiff as the Representatives of the FLSA Collective Class;

C. A judgment in favor of the Named Plaintiff and all others similarly situated for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216;

D. Judgment against Defendant that Defendant's violations were willful; and

E. Such other and further relief as this Court may deem just and proper.

Date: May 16, 2014

Respectfully submitted,

SMITH LAW, LLC

By:   /s/ Louise N. Smith

Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Atlanta, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Named Plaintiff, on behalf of himself and others similarly situated, demands a trial by jury.

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Named Plaintiff hereby certifies that the within and foregoing COMPLAINT FOR DAMAGES was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 16th day of May, 2014.

                                              Respectfully submitted,

By:  /s/ Louise N. Smith
       Louise N. Smith
       Georgia Bar No. 131876
       William J. Smith
       Georgia Bar No. 710280
       *Attorneys for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served Defendant the foregoing COMPLAINT FOR DAMAGES pursuant to F.R.C.P. 4 at the following address:

Chris Prince
2001 Westside Parkway
Suite 155
Alpharetta, Georgia 30004

                                                 By:   /s/ Louise N. Smith
                                                      Louise N. Smith
                                                      Georgia Bar No. 131876
                                                      William J. Smith
                                                      Georgia Bar No. 710280
                                                      *Attorneys for Named Plaintiff and the Collective Class*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

17