## IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KARLTON BRITTON on behalf of himself and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action File No.** |
| **v.** | ) ) | **1:14-cv-01475-AT** |
| **PRIORITY PAYMENT SYSTEMS, LLC** | ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) ) | |

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between the following parties: (1) Karlton Britton, Monica Love, Alexander Harris, Katrina Stewart, Maurice Dickens, Raquel Sutton, Leanea Dubose, Malcolm Battle, Sheldon Cobb, Brandon Gibbs, Derrel Johnson, Jeffrey Clark, Kelvin Brown, Robin Hayes, Lillie Gandy, Dwain Edison, Mukeshia Tomlinson, Jonathan Tambe, Jacqueline Pringle, Deborah Gibson, Kerry Ann Sidberry, Yolanda Covington, Valerie Bernard, and their heirs, executors, administrators, successors, and assigns (collectively referred to as "Plaintiffs"); and (2) Priority Payment Systems, LLC ("Priority"). The parties hereto agree to the following:

1. **Consideration.** In consideration for signing this Settlement Agreement and Release, and complying with its terms:

    a. Priority agrees to pay to Plaintiffs and their counsel a total of Four Hundred Twenty Thousand Dollars and zero cents ($420,000.00). This payment shall be apportioned as follows:

    (1) Priority will collectively pay Plaintiffs a total sum of $251,362.92. Half of the foregoing amount will represent back wages and half will represent liquidated damages,

penalties, and other consideration. Required federal and state income and employment taxes shall be withheld from the wages portions of the payments, but no deductions will be made from the non-wages portions of the payments. Priority will issue to Plaintiffs Form W-2s for the back wages portions of the payments and Form 1099s (box #3) for the non-wages portions of the payments. Priority shall pay the employer's share of all required payroll taxes on the foregoing payments. This payment will be allocated among and distributed to Plaintiffs and Opt In Plaintiffs as follows:

a. Karlton Britton: $11,713.77

b. Monica Love: $24,019.18

c. Alexander Harris: $3,570.69

d. Katrina Stewart: $10,969.61

e. Maurice Dickens: $2,785.72

f. Raquel Sutton: $16,781.21

g. Leanea Dubose: $22,873.04

h. Malcolm Battle: $25,112.97

i. Sheldon Cobb: $14,270.34

j. Brandon Gibbs: $10,253.11

k. Derrel Johnson: $686.02

l. Jeffrey Clark: $1,294.74

m. Kelvin Brown: $251.84

n. Robin Hayes: $2,529.45

o. Lillie Gandy: $1,038.74

p. Dwain Edison: $10,074.72

    q. Mukeshia Tomlinson: $472.16

    r. Jonathan Tambe: $3,207.19

    s. Jacqueline Pringle: $2,905.61

    t. Deborah Gibson: $30,058.08

    u. Kerry Ann Sidberry: $283.29

    v. Yolanda Covington: $12,931.41

    w. Valerie Bernard: $43,280.03

(2) Priority will pay Plaintiff's counsel, Legare, Attwood and Wolfe, LLC, $84,000 in attorney's fees and $0.00 costs. Priority will pay Plaintiff's counsel Smith Law, LLC, $84,000 in attorney's fees and $637.08 costs, for a total of $168,637.08 for fees and costs. Priority will issue to Legare, Attwood and Wolfe, LLC and to Smith Law, LLC a Form 1099 (box #14) for these payments.

(3) Priority will issue the foregoing payments within fourteen (14) calendar days after the United States District Court for the Northern District of Georgia approves the terms of this settlement.

(4) Priority will pay the full cost of the Parties' mediation with A. Lee Parks of Parks, Chesin & Walbert, P.C.

b.    Priority agrees to reclassify all Financing Specialists and Sales Agents in the Merchant Finance division as "non-exempt" at a date of Priority's choosing prior to April 1, 2016. Accordingly, all Sales Agent positions in the Merchant Finance division will be eligible for overtime for all hours worked over 40 per week as of the date of implementation. Nothing in this Agreement shall affect Priority's unilateral discretion to determine the terms and conditions of the Sales Agents' employment.

c.    Plaintiffs agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the

Northern District of Georgia in conjunction with the case captioned <u>Britton, et al. v. Priority Payment Systems, LLC</u>, Case No. 1:14-cv-01475-AT (N.D. Ga.) (the "Litigation"). Priority agrees not to oppose Plaintiff's counsel's request to the Court for an award of fees and costs. Upon approval of this settlement by the Court, Plaintiffs agree to take all action necessary to have the claims in the Litigation dismissed with prejudice, subject to the terms of paragraph "3" below.

2.    **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph "1" above, except for the execution of this Settlement Agreement and Release and the fulfillment of the promises contained herein.

3.    **Release of Claims.**

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, each Plaintiff releases and forever discharges (i) Priority; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Priority; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Priority Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation based on the factual allegations in the original and amended complaints, whether known or unknown, through the date of this Settlement Agreement and Release, limited to wage and hour claims under federal, state, or local law for hours worked, including such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked. The parties agree that the dismissal with prejudice to be filed in the Litigation shall have no *res judicata* effect on any other claims not released by this Agreement.

4.    **Acknowledgments and Affirmations.**

Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against Priority, except those in the Litigation currently pending in the United States District Court for the Northern District of Georgia.

5.    **Governing Law and Interpretation.**   This Settlement Agreement and Release shall be governed and interpreted in accordance with the laws of Georgia.  In the event of a breach of any provision of this Settlement Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and Release and/or seek any damages for breach.  This agreement is not severable.

6.    **Nonadmission of Wrongdoing.**  The Parties agree that neither this Settlement Agreement and Release nor the furnishing of the consideration for this Settlement Agreement and Release shall be deemed or construed at any time for any purpose as an admission by the Priority Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7.    **Amendment.**  This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement Agreement and Release.

8.    **Entire Agreement.**  This Settlement Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

9.    **Counterparts.**  This Settlement Agreement and Release may be executed in one or more counterparts and by facsimile or email.  All executed copies of this Settlement Agreement and Release, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

10.    **Invalid Without Court Approval.**   This Settlement Agreement and Release is subject to approval by the United States District Court

for the Northern District of Georgia in the Litigation. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release, but the Parties shall be required to request immediate referral to a U.S. Magistrate Judge for a second mediation, to address any issues precluding enforcement by the Court.

11. **No Signature Required By Opt In Plaintiffs**. Because the Opt In Plaintiffs are so numerous, because they each agreed to be bound by any settlement or judgment via their Consent to Join Forms, and because this Settlement Agreement and Release must be approved by the Court, it is impossible or impractical to have each Opt In Plaintiff execute this Agreement. By his signature below, Plaintiff Karlton Britton represents and affirms that he has been given authority to sign this Agreement on behalf of all Plaintiffs by the Consent to Join forms filed with the Court in the Litigation. To further confirm their agreement to the terms of this Settlement Agreement and Release, the following language shall be included on each settlement check sent to each Plaintiff: "My signature on, deposit, or cashing of this check confirms my release of Priority Payment Systems, LLC and all Released Parties as provided in the Settlement Agreement and Release approved by the Court in <u>Britton, et al. v. Priority Payment Systems, LLC</u>, Case No. 1:14-cv-01475-AT (N.D. Ga.)."

12. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE. PLAINTIFFS AND OPT IN PLAINTIFFS (VIA NAMED PLAINTIF BRITTON) FREELY AND**

**KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**PRIORITY PAYMENT SYSTEMS, LLC:**

By: _____        Date: 10/2/2015

**KARLTON BRITTON (on behalf of himself and all Plaintiffs):**

By: _____        Date: _____

**MONICA LOVE (individually)**

_____        Date: _____

**BRANDON GIBBS (individually)**

_____        Date: _____

4847-9345-1816, v 3

7 of 7

**KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**PRIORITY PAYMENT SYSTEMS, LLC:**

By: _____     Date: _____

**KARLTON BRITTON (on behalf of himself and all Plaintiffs):**

By: _Karlton Britton_____     Date: _10-2-2015_____

**MONICA LOVE (individually)**

_____     Date: _____

**BRANDON GIBBS (individually)**

_____     Date: _____

7 of 7

**KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**PRIORITY PAYMENT SYSTEMS, LLC:**


By: _____          Date: _____


**KARLTON BRITTON (on behalf of himself and all Plaintiffs):**


By: _____          Date: _____

**MONICA LOVE (individually)**

_____          Date: _10/2/2015_____

**BRANDON GIBBS (individually)**

_____          Date: _____

**KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**PRIORITY PAYMENT SYSTEMS, LLC:**


By: _____    Date: _____


**KARLTON BRITTON (on behalf of himself and all Plaintiffs):**


By: _____    Date: _____


**MONICA LOVE (individually)**


_____    Date: _____


**BRANDON GIBBS (individually)**

_____    Date: 10-1-15

7 of 7